IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHRISTINE BEGAY, Individually, and as Personal
Representative of the Estate of RANDY R. TYLER;
CHARLITA WASHBURN; HENRIETTA LEE a/k/a
HENRIETTA MARTIN as next fried of NATALIE
MARTIN; and RICKY RATION, individually**,

Plaintiffs,

vs.                                                          **No. 09-CV-197 WDS/DJS**

**THE PEP BOYS MANNY MOE AND JACK OF
CALIFORNIA, INC, a California corporation, and
COOPER TIRE AND RUBBER COMPANY**,

Defendants.

## PROTECTIVE ORDER OF CONFIDENTIALITY

1.      **"Confidential Material."**  As used in this Protective Order of Confidentiality,

**confidential material** shall refer to information and **records** of Defendant Cooper Tire &

Rubber Company, hereinafter referred to as "Defendant," protected as trade secrets or

confidential information pursuant to state and federal law.  All **confidential material** is the

exclusive, inalienable property of Defendant.

2.      **"Records."**  As used in this Protective Order of Confidentiality, **records** shall mean

information, both discrete and cumulative, that is inscribed or otherwise recorded on a tangible

medium or that is stored in an electronic or other medium and is retrievable in perceivable form.

**Records** includes both electronic records and printed, typewritten, and other tangible records.

3.      **Scope.**  This Protective Order of Confidentiality shall govern **confidential material**

produced or disclosed by this Defendant in response to formal or informal discovery conducted

in this matter.  Nothing in this Protective Order of Confidentiality shall be deemed to preclude

this Defendant's right to:  (a) oppose discovery on grounds not addressed under the terms of this Protective Order of Confidentiality, or (b) object on any ground to the admission of any **confidential material** into evidence at trial.  Further, nothing contained in this Protective Order of Confidentiality shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the **confidential material** sought.

4.      **Designation of Confidential Material.**  Defendant may designate all or any portion of documents, things, and information it produces formally or informally to other parties to this litigation as **confidential material**.  The designation of **confidential material** shall be made by any practicable means, including placing on the thing so designated, such that it will not interfere with its legibility, an appropriate notice such as the following: "**confidential**" or "**confidential material**."  **Confidential material** will be Bates stamped, if appropriate.  All materials designated as **confidential material** shall be treated as such pursuant to the terms of this Protective Order of Confidentiality until further ordered by the Court.

5.      The inadvertent, unintentional, or in camera production of any **confidential material** shall not, under any circumstances, be deemed a waiver, in whole or in part, of the confidentiality of the **confidential material** in question.  If Defendant should inadvertently produce any **confidential material** not responsive to a formal request for production and/or an order of the Court, the recipient shall immediately return the **confidential material**, including all copies thereof, to Defendant, and shall make no use of the **confidential material** for any purpose.

6.      **Objection to Designation.** If any party objects to the designation of any record as **confidential material**, that party shall promptly notify all other parties in writing at least forty-five (45) days before the scheduled trial date, specifying the factual and legal basis for the

objection.  If a dispute arises that cannot be resolved by agreement, then the dispute will be

submitted to the Court.  Pending such determination (or the expiration of the period in which

Defendant may make a challenge to an adverse ruling), the **records** shall be maintained as

**confidential material**.

7.    **Use and Disclosure of Confidential Material.**  Confidential material shall not be used

by any party receiving it, including the party's attorney or other representatives and expert

witnesses, for any purpose other than directly for the legitimate litigation of this action or as set

out herein.

8.    Confidential Material shall be disclosed only to "Qualified Persons".  Qualified
Persons are limited to:
(a)    Counsel of record for the parties ("Designated Attorney");
(b)    The non-technical and clerical staff employed by counsel of record;
(c)    The independent personnel retained by counsel of record to furnish technical or other
       expert services or advice or to give expert testimony;
(d)    Court reporters and translators and deposition transcript reporters and translators;
(e)    The Court and its authorized staff; and
(f)    Further access may be agreed to by the parties documented in writing or requested
       by any party by motion filed with this Court and approved by this Court.

Under no circumstances shall access to **confidential material** be granted to any employee
of any competitor of Defendant, or any person who, within the past two years, has been affiliated
with, employed by, or consulted with a competitor (or an entity in privity with a competitor) of
Defendant regarding research, development, production, or testing of tires or, over the following two
years, expects to be involved in any such employment, affiliation, or consultation.

9.    **Written Assurances.**  Prior to the disclosure of Confidential Material to any
Qualified Person described in subparagraphs (c) – (d) of Paragraph 8 above, the Qualified Person
shall sign a "Written Assurance" in the form of Exhibit "A" attached hereto.  The Designated
Attorney will maintain all executed Written Assurance forms, and will provide them to the
Designating Party upon request.  However, a Written Assurance signed by a consulting expert who
is not anticipated to testify at trial need not be furnished to counsel of record for the Designating
Party unless and until the consulting expert is, in fact, designated as an expert to be called at trial
or, if upon the conclusion of the case, the consulting expert fails to return the Confidential Material
as required by this Order.  Any person receiving Confidential Material shall maintain the
Confidential Material in a protected and secure manner and restrict access at all times to Qualified
Persons only.  At the conclusion of the case, all recipients of Confidential Material shall return it to
the Designated Attorney who provided it, who shall return it to the party which produced it, in
accordance with this Order.  All Qualified Persons shall also execute a "Closing Affidavit" in the
form of Exhibit "B" attached hereto, as set forth in Paragraph 16 of this Order.

10.     **Storage of Confidential Material.   Qualified persons** shall maintain all **confidential material** in a secure location.  **Confidential material** may not be entered onto any electronic storage system, other than compact disc, a USB flash drive (*i.e.*, "thumb drive"), or external hard drive.  **Confidential material** stored on a compact disc, a USB flash drive, or external hard drive shall not be copied onto any computer database and/or internal computer hard drive or network of any computer.  Within sixty (60) days of final termination of this action (the earlier of execution of a settlement agreement,  entry of a judgment, or final resolution of any appeal made by any party), counsel for plaintiffs shall return the compact disc(s) on which the **confidential material** was produced  to counsel of record for Defendant; and either return to counsel for Defendant or destroy the USB flash drive or external hard drive (along with a letter certifying said return or destruction).  **Confidential material** may not be transmitted via e-mail or other similar media.  **Qualified persons** shall maintain a record, by Bates number designation, of the quantity of all copies or other reproductions made of each item of **confidential material**.

11.     **Use of Confidential Material.** All **confidential material** shall be used for the purpose of this lawsuit only or as set out herein.

(a) No **confidential material** will be produced, disclosed, or otherwise utilized in any other litigation, whether or not that litigation involves parties to this case, without first complying with paragraph 8(f) above.  Further, no **confidential material** shall be disseminated to or shared with any organization or entity, or any representative thereof, that regularly disseminates documents or information regarding documents, including abstracts or summaries, or any other **records** as a service to its members, subscribers, or others, or the representative of such an organization or entity.

(b) If any subpoenas, requests for production, or other forms of discovery in connection with other litigation are served on any party to this Protective Order of Confidentiality, or any **qualified person** defined hereunder, that party will immediately notify Defendant's counsel of record, provide Defendant's counsel with a copy of the subpoena or other discovery request, and will consent to and assist in obtaining an order from the appropriate court protecting the **confidential material** from being disseminated outside the scope of this Protective Order of Confidentiality.

12.     **Court Records.**  In the event that any **confidential material** is in any way disclosed in any pleading, motion, deposition transcript, videotape, exhibit, photograph, or other material filed with any court, the **confidential material** shall be filed in an attached sealed separate envelope containing the style of the case marked "CONFIDENTIAL MATERIAL Protected by Court Order," dated and kept under seal by the clerk of that court until further court order.  Such **confidential material** shall, however, remain available to personnel authorized by that court and to **qualified persons**. When practicable, however, only the confidential portion of the pleadings filed with the court will be filed in a separate sealed envelope.  The judge's copy of filed pleadings or documents shall be submitted to the judge under seal, with a clear indication affixed to the document itself that the document contains confidential information and should be destroyed after use.  The judge's copy will never become a part of the court's original public file and should be destroyed after use by the judge.  If any **confidential material** is furnished to any court by any party, a duplicate copy with the discrete **confidential material** deleted may be substituted in the public record, if appropriate.

13.     **Depositions.**  If any **confidential material** is used or referred to during any deposition, counsel for Defendant may require that only its representatives, **qualified persons**, the deponent, the court reporter, and the camera operator (if the deposition is videotaped) shall be present for the portion of the deposition dealing with **confidential material**. Counsel for Defendant

may also serve a copy of this Protective Order of Confidentiality upon the deponent, the court reporter, and camera operator, and require that each sign the Written Assurance (Exhibit A) prior to further questioning. Within forty-five (45) days of receipt of the completed deposition transcript, counsel for Defendant shall designate by page and line the portions for which such claim is made, and give written notice of this designation to the court reporter and all other parties. This designation shall be placed on the first page in the original and all copies of the deposition by the court reporter and by counsel for the parties. Pending such designation, the deposition and all exhibits shall be treated in its entirety as **confidential material**. Those portions of the deposition which are designated as **confidential material** shall be bound separately under seal and prominently marked "confidential material subject to Protective Order." The portions of each deposition so designated shall be returned to trial counsel for Defendant within sixty (60) day of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment).

Under no circumstances shall any **confidential material** be viewed by any deponent who is an employee of any competitor of Defendant, or any person who, within the past two years, has been affiliated with, employed by, or consulted with a competitor (or an entity in privity with a competitor) of Defendant's regarding research, development, production, or testing of tires or, over the following two years, expects to be involved in any such employment, affiliation, or consultation.

14.   **Evidence at Trial. Confidential material** may be introduced into evidence at trial, if otherwise admissible, provided that the party seeking to do so shall give sufficient advance notice to the Court and to the parties to allow arrangements to be made for *in camera* treatment of the **confidential material**. In the event that a transcript of the trial is prepared, any party may request that certain portions thereof, which contain trade secrets or other **confidential material**, be filed under seal.

15.   **Inadvertent Disclosure**. Should any **confidential material** be disclosed to any unauthorized persons, through inadvertence of a party or through the act or omission of any person, the unauthorized person (a) shall be informed promptly of the provisions of this Protective Order of Confidentiality by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this Protective Order of Confidentiality; (b) shall be identified immediately to counsel of record for Defendant; and (c) shall be directed if within control of a party, or otherwise asked, to sign the Written Assurance (Exhibit A). At Defendant's sole discretion, such unauthorized person may be required to surrender to Defendant all copies of **confidential material** in such unauthorized person's possession. The person or entity whose inadvertence caused the unauthorized disclosure shall be responsible for securing the unauthorized person's assent to the Written Assurance and for all reasonable attorneys' fees, costs, and expenses associated with enforcement of this Protective Order of Confidentiality.

16.   **Return of Confidential Material.** Within sixty (60) days of final termination of this action (the earlier of execution of a settlement agreement, entry of a judgment, or final resolution of any appeal made by any party), counsel for record for each party shall assemble and return to counsel of record for Defendant all **confidential material** produced, including all copies, notes, summaries, indices, renderings, photographs, recordings, compact discs, other magnetic or electronic media, and physical or electronic reproductions of every kind of such **confidential material,** whether in the possession of said counsel or in the possession of any **qualified person** who gained access to the **confidential material**. Any **confidential material** entered on a computer database or other electronic media forbidden by Paragraph 10 of the Protective Order of Confidentiality shall also be deleted and written over or reformatted. Any direct quote from or description of

**confidential material** will also be returned to counsel of record for Defendant within sixty (60) days of final termination of this action (the earlier of execution of a settlement agreement, entry of a judgment, or final resolution of any appeal made by any party). Accompanying the return of all **confidential material**, counsel for all parties shall provide to counsel for Defendant executed Certifications in the form attached hereto as Exhibit B (executed by each Counsel for the Claimants) and Exhibit C (executed by each expert and anyone else who had access to such **confidential material**). Upon review of the **confidential material** returned to Defendant by the returning party, if Defendant concludes that not all **confidential material** which has been produced in the case has been returned, counsel for Defendant will provide to counsel for the returning party a list of those documents by bates stamp numbers which were not returned. If counsel for the returning party is unable to provide or locate those missing documents, then counsel for the returning party shall execute an affidavit which states: (a) the Bates numbers of those documents that counsel for the returning party was unable to return; (b) that a diligent and thorough search was conducted and counsel for the returning party was unable to find said documents; and (c) counsel for the returning party does not have any of those documents in his or her possession. All signed Written Assurance shall also be forwarded to counsel of record for Defendant as provided in Paragraph 9.

17.    All Confidential Material produced under the terms of the Protective Order of Confidentiality shall be deemed an authentic business record of Defendant unless counsel for Defendant expressly indicates, in writing, at the time of production that specific document(s) are not authentic business record of Defendant.

ORDERED by the Court this _____ day of _____, 2009.

_____
DON J. SVET
UNITED STATES MAGISTRATE JUDGE

**APPROVED AS TO FORM**:

KASTER & LYNCH, P.A.

    *Electronically Approved*
By  *9/23/09 Skip E. Lynch*
        B. R.. Kaster
        Skip E. Lynch
P.O. Box 100
Ocala, FL 34478-0100
        and
Daniel M. Rosenfelt
Rosenfelt & Buffington, P.A.
1805 Carlisle, NE

Albuquerque, NM 87110
*ATTORNEYS FOR PLAINTIFFS*

MODRALL, SPERLING, ROEHL,
HARRIS & SISK, P.A.

By  */s/ Donald A. DeCandia*
        Donald A. DeCandia
        Brian K. Nichols
P.O. Box 2168
Albuquerque, NM 87103
        and
Steven D. Jansma
Troy Vancil
Fulbright & Jaworski, LLP
300 Convent Street, Suite 2200
San Antonio, TX 78205
*ATTORNEYS FOR DEFENDANTS*

K:\dox\client\83528\0001\W1054738.RTF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTINE BEGAY, Individually, and as Personal
Representative of the Estate of RANDY R. TYLER;
CHARLITA WASHBURN; HENRIETTA LEE a/k/a
HENRIETTA MARTIN as next fried of NATALIE
MARTIN; and RICKY RATION, individually,

        Plaintiffs,

vs.                                          No. 09-CV-197 WDS/DJS

THE PEP BOYS MANNY MOE AND JACK OF
CALIFORNIA, INC, a California corporation, and
COOPER TIRE AND RUBBER COMPANY,

        Defendants.

**PROTECTIVE ORDER OF CONFIDENTIALITY**
**EXHIBIT A**

State of _____      §
                          §
County of _____     §

    1.      My name is _____. I live at _____. I am employed as

_____ by _____.

    2.      I am aware that a Protective Order of Confidentiality has been entered in the

above-referenced lawsuit and a copy of that Protective Order of Confidentiality has been given to

me.

    3.      I promise that I will use the **confidential material** as defined under that

Protective Order of Confidentiality *only* in connection with assisting counsel of record for the

Plaintiffs or Defendants in preparing for litigation of this matter.

4.      I promise that I will not disclose or discuss such **confidential material** with any person other than counsel of record for the parties or members of their staff who are actively engaged in the preparation of this case.

5.      I understand that I am prohibited by the terms of the Protective Order of Confidentiality from entering any **confidential material** onto any electronic storage system, other than a compact disc, USB Flash Drive or external computer hard drive.  Specifically, I am prohibited from entering any **confidential material** onto any computer database and/or internal computer hard drive.  I am also prohibited from transmitting **confidential material** via e-mail or other similar media.

6.      I understand that any use of the **confidential material** I obtain, in any manner contrary to the provisions of the Protective Order of Confidentiality or this Promise of Confidentiality may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce any such Order.

7.      I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order of Confidentiality**.**

8.      I understand that violating the terms of the Protective Order of Confidentiality or this Promise of Confidentiality could result in civil sanctions levied by the Court, as well as criminal penalties under state law and the federal Economic Espionage Act of 1996, 18 U.S.C. §§ 1831 *et seq.*, including imprisonment for a period of up to ten (10) years.

9.      Within sixty (60) days of final termination of this action (the earlier of execution of a settlement agreement, entry of a judgment, or final resolution of any appeal made by any party), I will return to Cooper Tire & Rubber Company, through delivery to counsel of record representing Plaintiffs or Defendant in this case, all **confidential material** or any portion or

summary thereof, along with my notarized affidavit confirming the return of said **confidential material** and listing the bates number of each document returned.  I promise that under no circumstance will I retain any originals or duplicate of any such **confidential material**.  I assume all responsibility for returning the **confidential material** to Cooper Tire & Rubber Company, as set forth herein, and I bear all risks associated with the purported loss, destruction, or inadvertent disclosure of such **confidential material** that has been entrusted to my care.


Dated:_____            _____
                                                            Signature

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTINE BEGAY, Individually, and as Personal
Representative of the Estate of RANDY R. TYLER;
CHARLITA WASHBURN; HENRIETTA LEE a/k/a
HENRIETTA MARTIN as next fried of NATALIE
MARTIN; and RICKY RATION, individually,

        Plaintiffs,

vs.                                No. 09-CV-197 WDS/DJS

THE PEP BOYS MANNY MOE AND JACK OF
CALIFORNIA, INC, a California corporation, and
COOPER TIRE AND RUBBER COMPANY,

        Defendants.

**PROTECTIVE ORDER OF CONFIDENTIALITY
EXHIBIT B**

    1.     My name is _____.  I am counsel of record for Plaintiffs in the

case styled _____ (the "Lawsuit").

    2.     Pursuant to the requirements set forth in the Protective Order of Confidentiality,

both I and my co-counsel for Plaintiffs have fulfilled each of our obligations imposed thereby,

specifically:

            A.     We have returned to counsel of record for Cooper Tire & Rubber

Company ("Cooper") all items produced by Cooper subject to the Protective Order of

Confidentiality in the Lawsuit and all confidential portions of deposition transcripts taken in the

Lawsuit, and all copies, notes, summaries, indices, renderings, photographs, recordings and

reproductions of any kind thereof of same (collectively referred to herein as "Confidential

Material"), as required by the Protective Order of Confidentiality.

        B.      In compliance with Paragraph 10 of the Protective Order of Confidentiality, we have confirmed that no Confidential Material was intentionally or inadvertently entered on computer databases and/or internal computer hard drives.  If we discovered that Confidential Material was entered on such media, databases, and/or hard drives, we confirm that such Confidential Material was immediately deleted and written over and destroyed.  We also confirm that any external hard drive or USB flash drive used to store confidential material has been either returned to counsel of record for Defendant or destroyed.

        C.      As part of our return of Confidential Material, we have gathered from each person to whom we have given access all copies of Confidential Material in such person's possession.  Each such person has executed his own certification attesting that (1) all copies of Confidential Material have been returned to us, and that (2) the person in question did not make Confidential Material available to any other person or entity.  Those certifications are attached hereto.

        D.      We have not made any Confidential Material, any copies thereof, or any document that reflects or contains Confidential Material, available to any other person or entity.

     3.      We understand that we have a continuing obligation under the Protective Order of Confidentiality to locate and immediately return any Confidential Material or copies thereof that were produced to us by Cooper in this lawsuit.

     4.      We understand that any breach of our obligations under the Protective Order of Confidentiality will subject us to all common law and statutory remedies, as well as civil sanctions levied by this Court.

Dated:_____              _____

Signature

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTINE BEGAY, Individually, and as Personal
Representative of the Estate of RANDY R. TYLER;
CHARLITA WASHBURN; HENRIETTA LEE a/k/a
HENRIETTA MARTIN as next fried of NATALIE
MARTIN; and RICKY RATION, individually,

        Plaintiffs,

vs.                                        No. 09-CV-197 WDS/DJS

THE PEP BOYS MANNY MOE AND JACK OF
CALIFORNIA, INC, a California corporation, and
COOPER TIRE AND RUBBER COMPANY,

        Defendants.

**PROTECTIVE ORDER OF CONFIDENTIALITY
EXHIBIT C**

    1.    My name is _____. I work at

_____.

    2.    I have received access to materials (including documents and confidential

depositions) protected by the Protective Order of Confidentiality ("Confidential Material")

entered in the case styled _____ (the "Lawsuit").

    3.    Pursuant to Plaintiff's counsel's request, I have returned all Confidential Material

and all copies, notes, summaries, indices, renderings, photographs, recordings and reproductions

of any kind thereof of same to _____.

    4.    In compliance with Paragraph 10 of the Protective Order of Confidentiality, I

have confirmed that no Confidential Material was intentionally or inadvertently entered on

computer databases and/or internal computer hard drives.  If I discovered that Confidential

Material was entered on such databases, and/or internal hard drives, I confirm that such

Confidential Material was immediately deleted and written over and destroyed.

     5.     I have not made any Confidential Material, any copies thereof, or any document

that reflects or contains Confidential Material, available to any other person or entity.

     6.     I understand that I have a continuing obligation under the Protective Order of

Confidentiality to locate and immediately return any Confidential Material or copies thereof that

were produced by Cooper in this lawsuit.

     7.     I understand that any breach of our obligations under the Protective Order of

Confidentiality will subject me to all common law and statutory remedies, as well as civil

sanctions levied this Court.


Dated:_____                _____

                                       Signature